UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VEGAS FAB & FINISH, | Case No. 2:23-cv-01336-MMD-NJK |
| Plaintiff, | ORDER |
| v. | |
| AMG FREIGHT LLC, | |
| Defendant. | |

**I.   SUMMARY**

Plaintiff Vegas Fab & Finish ("VFF") brought this action involving a damaged interstate shipment against Defendant AMG Freight LLC ("AMG") in Nevada state court. (ECF No. 1-2 ("Complaint").) AMG removed the case on the basis that the Carmack Amendment, 49 U.S.C. § 14706, provides an exclusive federal remedy against carriers for goods lost or damaged during interstate shipment and thus that the District Court has original jurisdiction under 28 U.S.C. § 1441(a). (ECF No. 1.) Before the Court is Plaintiff's motion to remand. (ECF No. 10 ("Motion").)[1] Because the Court finds that AMG has not met its burden to establish that removal is proper, the Court grants the Motion. The Court further denies Defendant's motions to dismiss (ECF No. 6) and to stay discovery (ECF No. 19) as moot.

**II.   BACKGROUND**

On July 20, 2023, Plaintiff Vegas Fab & Finish filed its Complaint in the Eighth Judicial District Court in Clark County, Nevada, seeking damages against Defendant AMG Freight LLC for breach of contract, breach of the covenant of good faith and fair dealing, and negligence. (ECF No. 1-2.) Both VFF and AMG are corporations organized under Nevada law. (*Id.* at 2.)

---

[1]AMG opposed the Motion (ECF No. 13), and VFF replied (ECF No. 14).

VFF alleges that it entered into a contract with AMG, under which AMG agreed to ship 348 pieces of brass door inlay to Plaintiff's client in Montreal, Quebec, Canada. (*Id.* at 4.) After delivery, Plaintiff's client informed VFF that the pieces of inlay had sustained damage during transit. (*Id.*) VFF alleges that it reached out to AMG and was told that without VFF's knowledge, AMG had subcontracted with ABF Freight ("ABF") to deliver the shipment (*Id.*) AMG denied any responsibility for the damage. (*Id.*) VFF alleges that AMG inadequately insured the shipment without VFF's consent, and that it failed to properly "deliver[]", "maintain"[], "protect[]" or "entrust[]" the shipment. (*Id.* at 4-7.)

On August 28, 2023, AMG removed on the basis that the Carmack Amendment ("Carmack") completely preempts the state law claims against it. (ECF No. 1.) VFF moved to remand. (ECF No. 10.)

## III.  DISCUSSION

Courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006). If "a district court determines at any time that less than a preponderance of the evidence supports the right of removal, it must remand the action to the state court." *Hansen v. Group Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018).

AMG argues that removal is proper because the Carmack Amendment, 49 U.S.C. § 14706, provides an exclusively federal remedy against carriers of interstate shipments, barring VFF's state law claims. (ECF Nos. 1, 13 at 3-4.) In its response to VFF's Motion, AMG also argues that even if Carmack does not apply to the facts at issue, the Federal Aviation Administration Authorization Act ("FAAAA") and the Interstate Commerce Commission Termination Act ("ICCTA"), codified at 49 U.S.C. § 14501(c)(1), also mandate exclusive federal jurisdiction. (ECF No. 13 at 4-5.) The Court considers each of AMG's purported bases for federal jurisdiction.

### A. Carmack Amendment

The Court first considers AMG's primary basis for removal—that the Carmack Amendment to the Interstate Commerce Act "completely preempts" VFF's state law claims because the allegations in the Complaint define AMG as a "carrier" within the meaning of the statute. (ECF No. 1.) *See* 49 U.S.C. § 14706. The Court finds that AMG has not met its burden to establish federal jurisdiction under Carmack.

Federal district courts have "original jurisdiction of all civil actions arising under the . . . laws . . . of the United States." 28 U.S.C. § 1331. A defendant may remove an action to federal court if the plaintiff could have initially filed the complaint in federal court. *See* 28 U.S.C. § 1441(a). In general, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The well-pleaded complaint rule ensures that "a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption." *Id.* at 393.

Under the corollary "artful pleading" doctrine, however, "a well-pleaded state law claim" may also "present[] a federal question when a federal statute has *completely preempted* that particular area of law." *Hall v. N. Am. Van Lines, Inc*, 476 F.3d 683, 687 (9th Cir. 2007) (citing *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1107 (9th Cir.2000)) (emphasis added). *See also Hansen*, 902 F.3d at 1057 (quoting *Rivet v. Regions Bank of La.*, 522 U.S. 470, 478 (1998)) ("[A] plaintiff may not defeat removal by omitting to plead necessary federal questions."). A complaint that contains a "completely preempted claim may be removed to district court under § 1441." *Hall*, 476 F.3d at 687. *See also Lehmann v. Brown*, 230 F.3d 916, 919-20 (7th Cir. 2000) (noting that "the phrase 'complete preemption' has caused confusion" because it is sometimes conflated with an ordinary preemption defense when it instead functions more accurately as federal occupation of the field).

As both parties in this case acknowledge, VFF presents no well-pleaded federal claim on the face of its Complaint. AMG instead argues that Carmack provides an exclusively federal remedy under the artful pleading doctrine. (ECF No. 13 at 4-5.) Carmack is among the limited number of statutes well-established to "completely preempt[] well-pleaded state claims." *Hall*, 476 F.3d at 687 (citing *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003)). The Amendment is intended to provide "a uniform national liability policy for interstate carriers." *Hall*, 476 F.3d at 687 (quoting *Hughes Aircraft Co. v. N. Am. Van Lines, Inc.*, 970 F.2d 609, 613 (9th Cir.1992)). It thus provides "the exclusive remedy against carriers for goods lost or damaged during an interstate shipment." *Korer v. Danita Corp.*, 584 F. Supp. 2d 1103, 1105 (N.D. Ill. 2008). *See also Adams Express Co. v. Croninger*, 226 U.S. 491, 505-06 (1913) (Carmack covers "the subject of the liability of the carrier under a bill of lading . . . so completely that there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference to it").

To determine whether Carmack applies to the claims in this action, the Court must consider whether AMG is properly characterized as a "carrier" or as a "broker." Carmack governs interstate carriers but does not apply to brokers. *See* 49 U.S.C. § 14706(a); *CGU Int'l Ins., PLC v. Keystone Lines Corp.*, Case No. C-02-3751 SC, 2004 WL 1047982, at *1-2 (N.D. Cal. May 5, 2004).

AMG argues that "[a]ccepting the Complaint and factual allegations therein as true, AMG Freight is classified as a 'carrier.'" (ECF no. 13 at 4.) AMG further suggests that Plaintiff is attempting to improperly "amend" its complaint to defeat federal question jurisdiction in its Motion. (*Id.*) VFF argues, by contrast, that AMG should be classified as a broker outside of Carmack's scope. (ECF No. 10 at 3-4.) It emphasizes that it never defined AMG as a carrier in the Complaint. (ECF Nos. 10, 14 at 4.) VFF also points to a letter AMG sent to VFF counsel's office in August 2023 and argues that the letter demonstrates that AMG itself has taken the inconsistent position that it operated only as a broker in the transactions in question. (ECF No. 10 at 4.)

In practice, "[t]he difference between a carrier and a broker is often blurry." *CGU*, 2004 WL 1047982 at *1-2. The distinction is "not determined by what the company labels itself, but by how it represents itself to the world and its relationship to the shipper." *ASARCO LLC v. England Logistics Inc.*, 71 F. Supp. 3d 990, 995 (D. Ariz. 2014) (quoting *Hewlett-Packard, Co. v. Brother's Trucking Ent.*, 373 F.Supp.2d 1349, 1352 (S.D. Fla. 2005)). A motor carrier is "a person providing . . . transportation for compensation." 49 U.S.C. § 13102. In general, "[m]otor carriers, or persons who are employees or bona fide agents of carriers, are not brokers within the meaning of this section when they arrange or offer to arrange the transportation of shipments which they are authorized to transport and which they have accepted and legally bound themselves to transport." 49 C.F.R. § 371.2(a). A broker, by contrast is "a person, other than a motor carrier or an employee or agent of a motor carrier, that as a principal or agent sells, offers for sale, negotiates for, or holds itself out by solicitation, advertisement, or otherwise as selling, providing, or arranging for, transportation by motor carrier for compensation." 49 U.S.C § 13102(2). The "crucial distinction is whether the party legally binds itself to [the] transport" of goods—regardless of who actually transports them. *See CGU*, 2004 WL 1047982 at *2.

The Court finds that AMG has not adequately supported its position that AMG must be classified as a carrier. As a threshold matter, AMG's view that the Court may consider only the allegations within the four corners of VFF's Complaint mischaracterizes the Court's broader power to view evidence outside the pleadings in order to rule on a motion to remand.[2] The Court further notes that AMG expressly states in its motion to dismiss

---

[2] AMG argues that "Plaintiff cannot amend its Complaint via Motion for Remand and Defendant—and Plaintiff—are limited to allegations as pleaded by Plaintiff at this stage." (ECF No. 13 at 1 n. 1.) While it is true that in considering removal a court must "focus on the plaintiff's complaint at the time the petition for removal was filed," *see, e.g.*, *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987), this requirement does not itself prevent courts from considering evidence outside the pleadings when ruling on a motion to remand—even in the context of federal question jurisdiction. *See, e.g., Hansen*, 902 F.3d at 1056-57 (suggesting that a removing party must establish federal jurisdiction by a "preponderance of evidence" in a federal preemption case under ERISA); *Quality King Distributors, Inc. v. Celtic Int'l, LLC*, Case

that it "denies that it was the carrier for Plaintiff's interstate shipment and contests many of the factual assertions in the Complaint." (ECF No. 6 at 2.) To resolve the Motion, however, the Court need not consider the admissibility of VFF's proposed evidence or AMG's contradictory positions. Even considering only the Complaint, AMG fails to meet its burden. The Complaint does not clearly categorize AMG as a carrier such that any argument that AMG operated as a broker constitutes an improper "amendment." Numerous sections plausibly indicate VFF's belief that AMG was acting as a broker. Plaintiff alleges, for example, that "[a]fter reaching out to AMG regarding [the] damaged shipment, VFF was informed that AMG, without Plaintiff's knowledge, had subcontracted with ABF . . . to deliver this shipment." (ECF No. 1-2 at 4.) And that "[a]s a result of AMG's actions in facilitating the delivery of VFF's shipment to its client, VFF was forced to incur the cost of the initial delivery [and other fees]." (*Id.* at 5.)

AMG argues that because Plaintiff alleges AMG accepted responsibility for the shipment and failed to "keep the shipment under their proper control," Plaintiff has conceded that AMG is a carrier. (ECF No. 13 at 3-4.) But although a carrier is a party that "legally binds itself to transport," *See CGU*, 2004 WL 1047982 at *2, the Court is not persuaded that the Complaint's language alleging that AMG agreed to keep the shipment under its "watch" and failed to "facilitate" and "protect" the shipment put AMG undeniably in the carrier category. (ECF No. 1-2 at 5, 6-8.) These duties are arguably consistent with brokers' role in "providing, or arranging for, transportation." *See* 49 U.S.C § 13102(2). AMG thus oversimplifies the fundamentally "blurry" distinction between carriers and brokers, which generally depends on the factual circumstances surrounding interstate transport. *See CGU*, 2004 WL 1047982 (noting that courts evaluate this distinction by

---

No. 20-CV-2145, 2020 WL 7260799, at *2 (N.D. Ill. Dec. 10, 2020) (quoting *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009)) (finding in a case involving Carmack that where a party is "attack[ing] the complaint's factual allegations that it was a shipper of goods, '[t]he law is clear that when considering a motion that launches a factual attack against jurisdiction, [t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists'").

considering which party accepted responsibility for the goods, which party took possession of goods, and which party is listed as a carrier on the bill of lading and other documents).[3] *See also Quality King Distributors*, 2020 WL 7260799, at *3 (noting that Carmack is not intended to indiscriminately swallow all "claims involving a separate and independently actionable harm to the shipper distinct from . . . damage [to a shipment]").

AMG bears the burden of resolving ambiguities that weigh in favor of remand. *See Hansen*, 902 F.3d at 1057. By pointing only to inconclusive language in the Complaint despite its burden, AMG fails to overcome the strong presumption against removal.

### B. FAAAA and ICCTA

AMG next argues that even if it is classified as a broker outside the scope of Carmack, the state law claims against it are nevertheless completely preempted by the FAAAA and the ICCTA. (ECF No. 13 at 4-5.) But the FAAAA does not operate in the same unique way as the Carmack Amendment. Because preemption under the FAAAA is best classified here as ordinary preemption—an affirmative defense—rather than as so-called "complete" preemption which itself creates a federal question, this issue gets to the merits of Plaintiff's claims. The Court thus finds that it does not have jurisdiction to rule on AMG's FAAAA preemption defense and leaves the question to the state court on remand.

An ordinary preemption defense which rests on a federal question does not make a case removable. *See Caterpillar*, 482 U.S. at 392 (1987). *See also Elam v. Kansas City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011) ("Defensive preemption does not create federal jurisdiction" but merely asserts the primacy of federal law). The phrase "complete preemption," as used in the context of the Carmack Amendment, "has caused confusion . . . by implying that preemption sometimes permits removal" when "[u]nfortunately

---

[3]VFF argues that AMG's August letter points to AMG's own confidence that if the Court were to access admissible factual evidence on these and other factors, it would in fact classify AMG as a broker. (ECF No. 10 at 2-4.) While the Court need not rely on the letter in this ruling, the Court again notes that AMG's response to the Motion includes no acknowledgment of factual considerations beyond the Complaint.

'complete preemption' is a misnomer, having nothing to do with preemption and everything to do with federal occupation of a field." *See Lehmann*, 230 F.3d at 919-20.

The FAAAA preemption provision, amended and recodified by the ICCTA, applies to state law claims related to "price, route, or service of any motor carrier . . . or any motor private carrier, broker, or freight forwarder with respect to the transportation of property." 49 U.S.C. § 14501(c)(1). *See also Mastercraft Interiors, Ltd. v. ABF Freight Sys., Inc.*, 284 F. Supp. 2d 284, 285 (D. Md. 2003). But most district courts treat FAAAA preemption as ordinary defensive preemption—evident in the procedural posture from which cases addressing the statute are largely decided. *See, e.g., Dilts v. Penske Logistics, LLC*, 769 F.3d 637, 641 (9th Cir. 2014) ("Following removal, Defendants moved for summary judgment, claiming a[n FAAAA] preemption defense"); *Miller v. C.H. Robinson Worldwide, Inc.*, 976 F.3d 1016, 1021 (9th Cir. 2020) ("[Defendant] moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), arguing that the FAAAA preempts Miller's negligence claim"); *Interstate Serv. Provider, Inc. v. Jordan*, Case No. 4:21-CV-267, 2021 WL 2355384, at *8 (E.D. Tex. June 9, 2021) ("[T]he cases Defendants use to argue in favor of their complete-preemption theory are inapposite, as they instead concern ordinary preemption [which is evident from their posture because] . . . upon a finding of complete preemption, and thereby a lack of subject matter jurisdiction, courts would have been precluded from issuing any sort of merits decision.")[4]

The Court thus interprets AMG's position on FAAAA and ICCTA preemption as an affirmative defense that does not confer jurisdiction under 28 U.S.C. § 1441(a). AMG must properly assert this defense in state court.

---

[4]While some courts in other districts have found that the FAAAA completely preempts negligence claims against brokers, *see, e.g., Gillum v. High Standard, LLC*, Case No. SA-19-CV-1378-XR, 2020 WL 444371, at *3 (W.D. Tex. Jan. 27, 2020), the weight of authority runs counter to this position. *See* 29 A.L.R. Fed. 2d 563 ("Although there is some authority stating that the FAAAA completely preempts state law in certain cases . . . courts have generally held that the FAAAA does not completely preempt state law . . . and therefore have held that the mere assertion of FAAAA preemption as a defense is an insufficient basis to invoke federal question jurisdiction").

### IV.     CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Plaintiff's motion to remand (ECF No. 10) is granted.

It is further ordered that Defendant's motions to dismiss (ECF No. 6) and to stay discovery (ECF No. 19) are denied as moot.

It is further ordered that this case is remanded and the Clerk of Court is directed to close the case.

DATED THIS 16th Day of January 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE